NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GANG LIU, | No. 14-73177 |
| Petitioner, | Agency No. A088-487-538 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Gang Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010). We deny in part and grant in part the petition for review, and we remand.

We do not consider new evidence Liu references in his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

Substantial evidence supports the denial of Liu's CAT claim, because he has not shown it is more likely than not he would be tortured by or with the consent or acquiescence of the government of China if he is returned. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (claims of possible torture remain speculative).

The record compels the conclusion that the harm Liu suffered due to his resistance to China's coercive population control policies rose to the level of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1197 (9th Cir. 2004); *see also Jiang*, 611 F.3d at 1095-96 (considering forced abortion and other factors in past persecution analysis). Thus, we grant the petition for review as to Liu's asylum and withholding of removal claims, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of these conclusions we do not reach Liu's remaining contentions

2                                                                    14-73177

regarding his fear of future persecution at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**